UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEX THOMAS KLEINERT,

    Petitioner,

Case No. 2:17-CV-13905
Hon. Terrence G. Berg

v.

CATHERINE S. BAUMAN,

    Respondent,

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE.

Alex Kleinert, ("petitioner"), confined at the Alger Maximum Correctional Facility in Munising, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(2)(b).

For the reasons stated below, in *lieu* of dismissing the petition, the Court holds the petition in abeyance and stays the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

### I. BACKGROUND

Petitioner was convicted following a jury trial in the Iosco County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Kleinert*, No.

1

326356, 2016 WL 2909151 (Mich. Ct. App. May 17, 2016), *lv. den.* 500 Mich. 883, 886 N.W.2d 626 (2016).

On November 30, 2017, petitioner filed a petition for writ of habeas corpus.[1] Petitioner seeks habeas relief on the following grounds: (1) petitioner was denied his right to a speedy trial, (2) coercion by threats of criminal acts against person for prosecution, (3) abuse of authority by judge, (4) witness tampering, and (5) ineffective assistance of counsel. By petitioner's own admission, none of these claims have been exhausted with the state courts.

## II. DISCUSSION

The instant petition is subject to dismissal because none of petitioner's claims have been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on November 30, 2017, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

2

claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner acknowledges throughout his petition that he failed to exhaust his claims, but argues that he did not do so because the state courts are biased against him. *See, e.g.*, Dkt. 1, Pg. ID 5.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto*, 207 F. Supp. 2d at 676. A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *See Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

Although petitioner claims that it would be futile to exhaust his remedies in state court, petitioner's actual failure to pursue his claims in state court "disqualifies his case from consideration under the narrow exception [to the exhaustion requirement]". *See Dillon v. Hutchinson,* 82 F. App'x. 459, 462 (6th Cir. 2003). In addition, the "futility to object" exception to the exhaustion requirement

3

is not satisfied by a habeas petitioner's expectation that a state court will rule against him or her. *See United States ex. rel. Centanni v. Washington*, 951 F. Supp. 1355, 1365 (N.D. Ill. 1997); *See also Porter v. White,* No. 2001 WL 902612, * 2 (E.D. Mich. Aug. 6, 2001). Moreover, a habeas petitioner's conclusory allegation that the state courts are biased is insufficient to establish futility to excuse the petitioner from exhausting his or her state court remedies. *See, e.g., Crank v. Jenks,* 224 F. App'x. 838, 839 (10th Cir. 2007). In determining whether the futility exception to the exhaustion requirement applies, the "pertinent question" is not whether the state court would be inclined to rule in the habeas petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000) (quoting *White v. Peters*, 990 F. 2d 338, 342 (7th Cir. 1993)).

The exhaustion doctrine, in the context of habeas cases, thus turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner,* 581 F.3d at 419. Petitioner could exhaust his claims by filing a motion for relief from judgment with the Iosco County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717

(E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See, e.g., Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that calls for the abatement of a habeas petition arises when the original petition was timely filed, as the case here, but a second, exhausted habeas petition would be time barred by the statute of limitations for filing habeas petitions contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court indicated that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction

proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner,* 581 F.3d at 419. Further, petitioner may assert that he did not previously raise his claims in the state courts due to the ineffective assistance of appellate counsel. *Id.* at 419, nn. 4 and 5. Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

The mere fact that petitioner's claims are unexhausted does not prevent this Court from holding his petition in abeyance. Every circuit that has addressed the issue has held that the *Rhines* abeyance procedure applies to habeas petitions that contain only unexhausted claims. *See Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016); *Doe v. Jones*, 762 F.3d 1174, 1180 (10th Cir. 2014); *Heleva v. Brooks*, 581 F.3d 187, 191–92 (3d Cir. 2009); *Dolis v. Chambers*, 454 F.3d 721, 724–25 (7th Cir. 2006).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his

6

claims in state court by filing a post-conviction motion for relief from judgment with the state trial court **within ninety days from the date of this Order**. *See id.* Further, he must ask this Court to lift the stay **within ninety days of exhausting his state court remedies**. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).[2]

### III. ORDER

Accordingly, **IT IS ORDERED** that petitioner may file a motion for relief from judgment with the state court within **ninety (90) days of receipt of this Court's order**. If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, **he shall notify this Court that such motion papers have been filed** in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims.

Petitioner **shall re-file his habeas petition within 90 days after the conclusion of the state court post-conviction proceedings**, using the same caption and case number. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

---

[2] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See, e.g., Banks v. Jackson,* 149 F. App'x. 414, 422, n. 7 (6th Cir. 2005).

7

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

Dated: December 21, 2017

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on December 21, 2017.

s/H. Monda
Case Manager, in the absence of A. Chubb

8